IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-2944 |
| | ) | |
| v. | ) | Honorable Judge Robert M. Dow, Jr. |
| | ) | |
| JEWEL FOOD STORES, INC., | ) | Magistrate Judge M. David Weisman |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and LR 56.1, Defendant Jewel Food Stores, Inc., by its attorneys Franczek P.C., hereby submits this Memorandum of Law in Support of its Motion for Summary Judgment and state as follows:

**INTRODUCTION**

Plaintiff Victoria Ballard ("Ballard") is a former part-time, clerk/cashier for Defendant Jewel Food Stores, Inc. ("Jewel"), who was terminated for being chronically absent and late for work. Ballard alleges that Jewel interfered with her right to take leave under the Family and Medical Leave Act ("FMLA") when it terminated her employment. Contrary to Ballard's allegations, the undisputed evidence confirms that Jewel did not interfere with and could not possibly have interfered with Ballard's rights under the FMLA because Ballard never sought FMLA leave from Jewel despite being repeatedly advised that FMLA leave was available to her, if needed. Because there is no admissible evidence to support her FMLA interference claim, Jewel respectfully asks the Court to grant its Motion for Summary Judgment.

1

**ARGUMENT**

As the party opposing summary judgment, Ballard must provide sufficient evidence, in the form of "specific facts," such that a reasonable trier of fact could return a verdict in her favor. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). The undisputed evidence, including Ballard's own admissions, however, shows the absence of any genuine issue of material fact and requires summary judgment in favor of Defendant. Fed. R. Civ. P. 56(a).

**I. JEWEL IS ENTITLED TO SUMMARY JUDGMENT ON BALLARD'S FMLA INTERFERENCE CLAIM**

To prevail on an FMLA interference claim, Ballard must establish: (1) she was eligible for FMLA protection; (2) Jewel was covered by the FMLA; (3) she was entitled to FMLA leave; (4) she provided sufficient notice of her intent to take leave; and (5) Jewel denied her FMLA benefits to which she was entitled. *Ames v. Home Depot U.S.A., Inc*., 629 F.3d 665, 668-669 (7th Cir. 2011). Jewel is entitled to summary judgment because the undisputed evidence confirms that she did not provide notice of her intent to take leave, and Jewel did not deny her any FMLA benefits to which she was entitled.

**A. Ballard Failed to Follow Her Obligations under FMLA Policy to Invoke Protection, and Her Employment Was Legitimately Terminated**

Ballard's FMLA interference claim fails as a matter of law because she never provided Jewel with notice of her intent to seek FMLA protection or invoke her FMLA rights. Ballard did not follow internal procedures and take the appropriate steps to invoke her FMLA rights, and as consequence, and it is undisputed that Jewel had no notice that she was seeking or potentially eligible for FMLA leave at the time it made the decision to terminate her. (SUF ¶¶ 20-21). As discussed below, Ballard failed to provide sufficient notice of her alleged need for leave either before, during or after her termination meeting and failed to submit the FMLA paperwork for

2

any of the days documented as an accountable absence or tardy. (SUF ¶¶ 19, 21, 24-25). For these reasons, summary judgment must be granted in favor of Defendant.

Ballard's assertion that she told her supervisors that she had just been given FMLA paperwork during her termination meeting was not sufficient for her to invoke FMLA protection, because she did not take any action to request FMLA leave or submit the paperwork. (SUF ¶ 23-25). FMLA regulations, in relevant part, permit employers to condition unforeseeable FMLA leave upon an employee's compliance with the employer's usual and procedural requirements, absent unusual circumstances. 29 C.F.R. § 825.303(c):

> When the need for leave is not foreseeable, an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances. For example, an employer may require employees to call a designated number or a specific individual to request leave . . . If an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be delayed or denied. 29 C.F.R. § 825.303(c).

In fashioning this regulation, the DOL stressed the importance of the employer's ability to manage its workforce through its call-in procedures where unforeseeable leave is at issue, commenting in the preamble to this regulatory change:

> [C]all-in procedures are a routine part of many workplaces and are critical to an employer's ability to manage its work force. Adherence to such policies is even more critical when the need for [FMLA] leave is unforeseen. Accordingly, the final rule in § 825.303(c) provides that, absent unusual circumstances, employees must comply with their employer's usual notice and procedural requirements for requesting leave. 73 Fed. Reg. 68009 (Nov. 17, 2008) (codified at 29 C.F.R. pt. 825.303).

Courts have since found that a number of employer verification requirements are permissible under the FMLA, namely, that the employee specifically adhere to the employer's notice requirements. *Lewis v. Holsum of Fort Wayne, Inc.*, 278 F.3d 706, 710 (7th Cir. 2002); *Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 825 (7th Cir. 2012) (granting summary judgment

3

on FMLA interference claim when employee failed to comply with internal leave policy to notify human resources department of need for leave.)

Jewel's Employee Handbook contains an "Employee Responsibilities" section in its FMLA policy, which requires employees to "provide sufficient information for the Company to determine if the leave may qualify for FMLA protection and the anticipated timing and duration of the leave." (SUF ¶ 10).

Ballard was acutely aware of Jewel's notice requirement to submit the requisite FMLA paperwork. She had previously sought leave in February 2014, was granted FMLA leave in March 2015, and admitted she was familiar with the procedures to request FMLA. (SUF ¶ 12). She has offered no justification reason why she could not follow Jewel's notice procedures in this case. *See Norton v. LTHC*, No. 13-CV-13730, 2014 WL 4473339, \*8 (E.D. Mich. Sept 9, 2014) (granting summary judgment on FMLA interference claim where plaintiff had properly followed employer's call-in procedures in the past and there was no reason for her failure to do so on this occasion).

Ballard never contacted Ms. Cook or Human Resources to request FMLA paperwork and never submitted any FMLA paperwork to provide Jewel with "sufficient information to determine if leave may qualify for FMLA protection." (SUF ¶ 21). She never indicated to anyone at the store that she needed FMLA leave either before or after her termination. (SUF ¶¶ 20, 25). When the paperwork was provided to her, she never submitted it or gave any indication that she intended to submit it to contest her accountable absences during or after her termination meeting. (SUF ¶¶ 21, 24). As such, Ballard failed to invoke her rights, and her absences were not entitled to any coverage. *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 764 (7th Cir. 2008) (granting summary judgment in favor of employer when employee failed to comply with

4

obligations under employer's written policy for FMLA); *Rager v. Dade Behring, Inc.*, 210 F.3d 776, 778 (7th Cir. 2000) (concluding that an employee's termination was appropriate because any absence beyond the deadline for turning in medical certification was not an entitled absence under the FMLA); *Bailey v. Southwest Gas Co.*, 275 F.3d 1181 (9th Cir. 2002) ("Because [the employee] never sought to invoke her FMLA rights, she may not now argue that [her employer] interfered with the exercise of her rights by suggesting the FMLA might apply, providing her with information on it, and seeking a medical certification of her condition").

Indeed, the fact that Manzo specifically advised her to seek FMLA protection, but Ballard did nothing confirms that Ballard's FMLA claim fails as a matter of law. (SUF ¶¶ 20-21). *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 764 (7th Cir. 2008) (granting summary judgment in favor of employer when it provided plaintiff with FMLA forms and plaintiff failed to timely complete and submit paperwork).

Because Ballard never invoked her rights under the FMLA, her interference claim fails as a matter of law.

### B. Ballard's Employment Was Properly Terminated Because of Her Non-FMLA Related Absenteeism

Jewel is entitled to summary judgment for the additional reason that the undisputed record evidence shows that Jewel terminated Ballard for a legitimate reason having nothing to do with any potential entitlement she had under the FMLA: Ballard's repeated, and consistent failure to meet its expectations regarding attendance throughout her employment during the twelve months prior to her termination. (SUF ¶¶ 13-19). This fact defeats her claim of FMLA interference. *See Hubbard v. Blue Cross Blue Shield Ass'n,* 1 F.Supp.2d 867, 877 (N.D. Ill. 1998) (granting summary judgment for employer where plaintiff would have been discharged even if she had not taken FMLA leave); *McCown v. UOP, Inc.,* No. 94 C 2179, 1995 WL

5

519818, *7 (N.D. Ill. Aug. 30, 1995) ("The FMLA is not a shield to protect employees from legitimate disciplinary action by their employers if their performance is lacking in some manner unrelated to their FMLA leave."); *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006) (recognizing that the FMLA is not a strict liability statute, and therefore, "interference with an employee's FMLA rights does not constitute a violation if the employer has a legitimate reason unrelated to the exercise of FMLA rights for engaging in the challenged conduct"); *Ritenour v. Tennessee Dept. of Human Services*, 497 F. App'x 521, 530 (6th Cir. 2012) ("Interference with an employee's FMLA rights does not constitute a violation if the employer has a legitimate reason unrelated to the exercise of FMLA rights."); *Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 977 (8th Cir. 2005) (holding that FMLA does not impose strict liability for all interferences with FMLA rights; an employer who interferes with an employee's FMLA rights will not be liable if the employer can prove it would have made the same decision had the employee not exercised the employee's FMLA rights ).

Here, the record evidence conclusively establishes that Jewel terminated Ballard's employment on April 29, 2016 based on her attendance and tardiness record during twelve months prior to her termination, and this decision had nothing to do with her alleged request for FMLA leave. (SUF ¶¶ 19, 23). Ballard did not contest the propriety of any of the corrective action notices she received during the progressive discipline process leading up to her termination and did not seek FMLA protection for any of the instances of absenteeism and tardiness that resulted in the discipline. (SUF ¶¶ 13-19, 24). Indeed, she admits that the first time she made any mention whatsoever of the FMLA is after she had already exceeded her ten accountable instances of absenteeism or tardiness absences, which subjected her to discharge. (SUF ¶ 19). Therefore, the undisputed facts show that Ballard never requested FMLA leave prior

6

to her termination, and would have been terminated regardless of a FMLA-protected request. (SUF ¶¶ 19, 21, 24-25). Because the decision to terminate her was made and communicated to her before she requested FMLA leave, Jewel could not possibly have interfered with her FMLA rights. (SUF ¶¶ 21, 22, 25).

Ballard cannot set forth specific facts showing that there is a genuine issue for trial as to whether her termination was related to the exercise of her FMLA rights; therefore, her FMLA interference claim summary judgment must be granted in favor of the Defendant.

## CONCLUSION

For all the reasons explained above, Jewel is entitled to summary judgment as a matter of law on Ballard's FMLA claim, and her Complaint should be dismissed, with prejudice.

Respectfully submitted,

**JEWEL FOOD STORES INC.**

By: /s/Michael A. Warner, Jr.

One of Its Attorneys

Michael A. Warner, Jr.
E-Mail: maw@franczek.com
Erin K. Walsh
E-Mail: ekw@franczek.com
FRANCZEK P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
Tel: (312) 986-0300
Fax: (312) 986-9192

Dated: May 7, 2019

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a copy of the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** to be served upon the following counsel of record via filing with the CM/ECF system on this 7th day of May 2019:

> Christopher V. Langone
> *E-mail: Chris@ljclegal.com*
> Scott Cassidy
> *E-Mail: scott@ljclegal.com*
> Langone, Johnson & Cassidy LLC
> 17 N. Wabash, Suite 500
> Chicago, Illinois 60602

By: /s/Michael A. Warner, Jr.